UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER D'ANGELO,<br><br>　　　Plaintiff,<br><br>v.<br><br>GREAT DAY IMPROVEMENTS, LLC,<br><br>　　　Defendant. | Case No. 1:26-cv-01385 |

## NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Great Day Improvements, LLC ("Great Day" or "Defendant") hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

1.　　On December 19, 2025, Plaintiff Peter D'Angelo filed in the Circuit Court of Cook County, Illinois a five-count complaint, captioned *Peter D'Angelo v. Great Day Improvements, LLC*, No. 2025L015551. A true and accurate copy of the state-court complaint and all process, pleadings, and orders with which Defendant has been served are attached hereto as **Exhibits A** ("Compl."), **B** (Summons), and **C** (Proof of Service).

2.　　A copy of the online state-court docket for this case is attached as **Exhibit D**.

3.　　The Complaint asserts claims for: (1) Breach of Contract; (2) Fraud; (3) Violation of the Illinois Sales Representative Act, 820 ILCS 120/1 *et seq.*; (4) Violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (in the alternative); and (5) Unjust Enrichment

(in the alternative). The Complaint alleges that Plaintiff performed work for Defendant and did not receive commission payments he allegedly earned.

4. Defendant received the Complaint via service on its registered agent on January 9, 2026. The process server's affidavit and CT Corporation Service of Process notification are attached as **Exhibits C** and **E**, respectively.

5. This removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date Defendant received the Complaint and is within 30 days of the date on which Defendant first had notice that the case was removable.

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 pursuant to diversity jurisdiction. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.

7. As alleged in the Complaint, Plaintiff is a resident of Cook County, Illinois, and therefore a citizen of Illinois for purposes of 28 U.S.C. § 1332. (Compl. ¶ 1.) Great Day Improvements, LLC is a limited liability company organized under the laws of Delaware and headquartered in Twinsburg, Ohio. (Compl. ¶ 2.) For diversity jurisdiction purposes, a limited liability company is a citizen of each state in which any of its members is a citizen. *See Americold Realty Trust v. ConAgra Foods, Inc.*, 577 U.S. 378 (2016). None of Defendant's members are citizens of Illinois, establishing complete diversity between Plaintiff (an Illinois citizen) and Defendant. The Declaration of Liz Huldin, Defendant's Chief People Officer, identifying the citizenship of Defendant's members, is attached hereto as **Exhibit F.** Thus, complete diversity exists as required by 28 U.S.C. § 1332(a)(1).

8. More than $75,000, exclusive of interest and costs, is in controversy in this action. The grounds supporting this conclusion are as follows.

*Claimed unpaid commissions.* The Complaint alleges that Plaintiff earned commissions on five pending sales at the time of termination in September 2022. The five projects are identified as follows:

| Customer Name | Contract Price |
| --- | --- |
| Kmeiciak | $37,783 |
| Mansorooieh | $42,494 |
| Mihai | $90,611 |
| Ensalaco | $13,832 |
| Sharma | $92,170 |

(Compl. ¶ 17, Table.) These listed contract prices add up to $276,890. (*Id.* ¶ 60, Table.) The Complaint alleges that pursuant to a "Design Consultant/Sales Representative Agreement" between Plaintiff and Defendant, Plaintiff was entitled to earn commissions equal to 10% of the contract price for jobs sold at a 30% discount off of the MSRP. (Compl. ¶ 11; *see* Compl. Ex. A.) Ten percent of $276,890 is $27,689. This figure, requested statutory damages, and requested attorney's fees combine to result in an amount in controversy exceeding $75,000. *See Brandt v. Bhd.'s Relief & Comp. Fund*, No. 07 C 2204, 2007 WL 9815742, at *3 (N.D. Ill. July 24, 2007) ("A removing defendant can establish the amount in controversy 'by calculation from the complaint's allegations.'" (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006))).

*Statutory damages and attorney's fees.* Plaintiff alleges that Defendant willfully and wantonly failed to pay final commissions within 13 days of termination, in violation of the Illinois Sales Representative Act, 820 ILCS 120/1 *et seq.* (Compl. ¶¶ 45, 47.) The Complaint requests exemplary damages under 820 ILCS 120/3 "in an amount not to exceed three times the amount of commissions owed," plus reasonable attorney's fees and costs. (*Id.* ¶¶ 49–50.) Three times

$27,689 equals $83,067. In the alternative, Plaintiff alleges a violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (*Id.* ¶¶ 51–58.) The Complaint requests statutory damages under 820 ILCS 115/14 equal to "five percent (5%) of the amount of final compensation not paid for each month following the date of payment during which such compensation remains unpaid" plus reasonable attorney's fees and costs. (*Id.* ¶¶ 57–58.) Five percent of $27,689 is $1,384.45. That figure times 40 (the number of months between the alleged end of Plaintiff's working relationship with Defendant and the filing of this Notice) is $55,378.

Thus, under either theory asserted in the Complaint, Plaintiff's claimed unpaid compensation combined with claimed statutory damages exceed the $75,000 amount in controversy threshold imposed by 28 U.S.C. § 1332(a)(1). "[I]f a plaintiff seeks statutory penalties or attorneys fees, those amounts will count towards the amount in controversy 'exclusive of interests and costs,' even if the penalties and fees are labeled as costs in the statute that allows for their recovery." *Brandt*, 2007 WL 9815742, at *2. Plaintiff's claimed attorney's fees already incurred further increase the amount in controversy at the time of removal. *See Bank of Am., N.A. v. Oberman, Tivoli & Pickert, Inc.*, 12 F. Supp. 3d 1092, 1098 (N.D. Ill. 2014).

9. Defendant certifies that written notice of the filing of this Notice of Removal will be given to Plaintiff and the state-court clerk as required by 28 U.S.C. § 1446(d).

10. A true copy of this Notice of Removal will be filed in the Clerk's Office of the Circuit Court of Cook County, Illinois, within the timeframe required by law.

**Wherefore**, Defendant Great Day Improvements, LLC respectfully removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and requests that this Court assume jurisdiction

4

over this matter.

|  |  |
|---|---|
| Date: February 6, 2026 | Respectfully submitted, |
|  | GREAT DAY IMPROVEMENTS, LLC |
|  | /s/ *Benjamin S. Morrell* |
|  | Benjamin S. Morrell (ARDC No. 6341896) |
|  | Elizabeth C. Wellhausen (ARDC No. 6346609) |
|  | TAFT STETTINIUS & HOLLISTER LLP |
|  | 111 East Wacker Drive, Suite 2600 |
|  | Chicago, IL 60601 |
|  | Telephone: (312) 527-4000 |
|  | Facsimile: (312) 527-4011 |
|  | bmorrell@taftlaw.com |
|  | ewellhausen@taftlaw.com |
|  | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document via U.S. Mail, First-Class, postage prepaid, and via email to:

Todd R. Brand
T BRAND LAW LLC
444 N. Michigan Ave, Ste 1200
Chicago, IL 60611
(312) 535-9221
tbrand@brandlawchicago.com
*Counsel for Plaintiff*

Date: February 6, 2026

/s/ *Benjamin S. Morrell*