# Exhibit A

FILED
12/19/2025 11:18 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L015551
Calendar, Q
35862270

FILED DATE: 12/19/2025 11:18 AM   2025L015551

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## LAW DIVISION

| | |
|---|---|
| PETER D'ANGELO, an Individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2025L015551 |
| | ) |
| GREAT DAY IMPROVEMENTS, LLC, | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT AT LAW FOR BREACH OF CONTRACT AND OTHER RELIEF

NOW COMES, Plaintiff Peter D'Angelo, an individual, and for his Verified Complaint for Breach of Contract and Other Relief against Defendant Great Day Improvements, LLC, states as follows:

### PARTIES

1. Peter D'Angelo ("D'Angelo" or "Plaintiff") is a resident of Cook County, Illinois located at 2236 University St., Des Plaines, Illinois 60016.

2. Great Day Improvements, LLC ("Great Day" or "Defendant") is a Delaware limited liability company with its headquarters located at 2500 E. Enterprise Pkwy, Twinsburg, Ohio 44087. At all relevant times relevant to the allegations contained herein, Great Day was registered and conducted business in the State of Illinois. Among other things, Great Day is in the business of selling and installing patio enclosures to homeowners.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209(a).

4. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101(2).

1

## FACTS

5. For the past 25 years, Plaintiff has specialized in the sale and construction home additions.

6. In May 2020, Plaintiff was hired by Defendant to serve as a patio enclosure design consultant/sales representative, responsible for selling Defendant's solarium/sunroom products.

7. In May, 2020, Plaintiff attended and completed Defendant's training program in Macedonia, Ohio.

8. On or about December 29, 2021, Plaintiff entered into a Design Consultant/Sales Representative Agreement (the "Contract"). A true and correct copy of the Contract is attached hereto as Exhibit "A" and incorporated herein by reference.

9. Execution of the Contract was delayed due the COVID-19 pandemic and absence of a management team.

10. Under the terms of the Contract, Plaintiff was to be paid on a full commission basis.

11. Plaintiff was entitled to earn sales commissions equal to ten percent (10%) of the contract price for each job sold at the discount price of 30% off MSRP. For jobs sold at discounts higher or lower than the base discount price of 30% off MSRP, Plaintiff's commission would be adjusted according to a sliding scale.

12. During the course of his employment with Defendant, Plaintiff sold sunrooms and earned commissions as specified in the Contract.

13. Pursuant to the Contract, Plaintiff was to receive five percent (5%) of the contract price in the pay period following the date the job was booked with a normal down payment.

14. A "normal down payment" was thirty percent (30%) of the contract price.

FILED DATE: 12/19/2025 11:18 AM 2025L015551

FILED DATE: 12/19/2025 11:18 AM   2025L015551

15. The remaining balance of Plaintiff's base commission – up to fifteen percent (15%) of the total contract amount – was to be paid following the installation and final payment from the customer.

16. In September 2022, Plaintiff terminated his Contract with Defendant.

17. At the time of termination, Plaintiff had the following five pending sales:

| Customer Name | Contract Price |
| --- | --- |
| Kmeiciak | $37,783 |
| Mansorooieh | $42,494 |
| Mihai | $90,611 |
| Ensalaco | $13,832 |
| Sharma | $92,170 |

18. Upon information and belief, all of the above projects were completed for at least the stated contract amounts, with the exception of the Sharma project, which may have been cancelled by Defendant after Sharma made the thirty percent (30%) down payment.

19. Plaintiff's tenure with Defendant, from May 2020 through September 2022, spanned approximately two years and four months, qualifying him as a Senior Design Consultant/Sales Representative under the terms of the Contract.

20. The Contract provides that, upon termination, a Senior Design Consultant/Sales Representative shall receive credit for all sales made prior to termination. Upon completion of those projects, the individual is entitled to receive a final commission check in exchange for executing a Release of Final Commission.

21. Upon information and belief, all jobs listed in Paragraph 17 above have been completed.

3

FILED DATE: 12/19/2025 11:18 AM   2025L015551

22. Despite Plaintiff's repeated requests, Defendant has failed and refused to issue Plaintiff's final commission payment for jobs pending at the time of termination.

## COUNT I – BREACH OF CONTRACT

23. Plaintiff realleges paragraphs 1 through 22 of this Verified Complaint as if fully set forth herein.

24. The Contract is a valid and enforceable contract under Illinois law.

25. Plaintiff has performed all obligations required of him under the Contract.

26. Defendant has materially breached the Contract by failing to pay Plaintiff earned commissions following the termination of the Contract.

27. Defendant's material breach has cause injury to Plaintiff in an amount to be proven at trial.

WHEREFORE, Plaintiff Peter D'Angelo, respectfully requests that this Court enter judgment in his favor against Defendant Great Day Improvements, LLC as follows:

A. For an award of all unpaid commission owed to Plaintiff in an amount to be proven at trial;

B. For prejudgment interest allowed by law;

C. For post-judgment interest as allowed by law; and

D. For such other relief this Court deems just and proper under the circumstances.

## COUNT II – FRAUD

28. Plaintiff realleges paragraphs 1 through 27 of this Verified Complaint as if fully set forth herein.

29. Defendant made false statements of material fact to Plaintiff.

4

30. Defendant knowingly and falsely represented in the Contract that Plaintiff would receive commissions for sales made prior to the termination of employment.

31. Upon information and belief, Defendant knew that these statements were false when they were made.

32. Defendant knew at the time of entering into the Contract and throughout Plaintiff's employment that it did not intend to pay the final commissions as promised.

33. Plaintiff is not the only sales representative Defendant has failed to pay.

34. Upon information and belief, Defendant has a pattern of failing to pay earned commissions after the date of termination.

35. Defendant intended that these false statements would induce Plaintiff to act.

36. Defendant made these false statements with the intent to induce Plaintiff to enter into the Contract.

37. Plaintiff entered into the Contract and continued to work as a sales representative of Defendant, making sales and securing contracts, in reliance on Defendant's false representations regarding commission payments.

38. Plaintiff suffered damages as a result of his reliance on Defendant's false representations.

39. As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff has suffered damages in the form of unpaid commissions in an amount to be proven at trial.

WHEREFORE, Plaintiff Peter D'Angelo, respectfully requests that this Court enter judgment in his favor against Defendant Great Day Improvements, LLC as follows:

A. For an award of all unpaid commission owed to Plaintiff in an amount to be proven at trial;

5

B.  For punitive damages in an amount to be determined by this Court;

C.  For reasonable attorney's fees and costs incurred in bringing this action;

D.  For prejudgment interest allowed by law;

E.  For post-judgment interest as allowed by law; and

F.  For such other relief this Court deems just and proper under the circumstances.

## COUNT III – VIOLATION OF THE SALES REPRESENTATIVE ACT
## 820 ILCS 120/1, *et seq.*

40. Plaintiff realleges paragraphs 1 through 39 of this Verified Complaint as through fully set forth herein.

41. Plaintiff was a sales representative as defined by the Illinois Sales Representative Act.

42. Plaintiff was employed by Defendant as a patio enclosure Design Consultant/Sales Representative from May 2020 to September 2022.

43. While working as a sales representative for Defendant, Plaintiff maintained full autonomy over his work related to the sale of patio enclosures. He independently determined the timing and manner of his work. The contract contains no provisions governing these aspects, nor did Defendant make any effort to assert control over Plaintiff's performance at any point.

44. Moreover, during his time as a sales representative for Defendant, Plaintiff owned and operated his own construction company, D'Angelo Builders, Inc., which specialized in residential construction projects, including home additions.

45. Defendant failed to pay final commissions due within 13 days of termination, as well as commissions that became due after termination within the required 13-day period, in violation of 820 ILCS 102/2.

6

46. Defendant has refused and failed to pay Plaintiff's final commission payment for any of the five pending sales listed in paragraph 17 through the date of this Verified Complaint.

47. Defendant's failure to pay was willful and wanton.

48. Upon information and belief, Defendant has also failed to pay final commissions of numerous other sales representatives after termination of their contracts.

49. Pursuant to 820 ILCS 120/3, Plaintiff is entitled to exemplary damages in an amount not to exceed three times the amount of commissions owed.

50. Pursuant to 820 ILCS 120/3, Plaintiff also is entitled to reimbursement of attorney's fees and costs incurred.

WHEREFORE, Plaintiff Peter D'Angelo respectfully requests that this Court enter judgment in his favor against Defendant Great Day Improvements, LLC as follows:

A. For an award of all unpaid commission owed to Plaintiff in an amount to be proven at trial;

B. For exemplary damages in an amount not to exceed three times the amount of commissions owed to Plaintiff pursuant to 820 ILCS 120/3;

C. For reasonable attorney's fees and costs incurred in bringing this action;

D. For prejudgment interest allowed by law;

E. For post-judgment interest as allowed by law; and

F. For such other relief this Court deems just and proper under the circumstances.

### COUNT IV - VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115
**(In the Alternative)**

51. Plaintiff realleges paragraphs 1 through 39 of this Verified Complaint as through fully set forth herein.

7

52. In the event this Court deems that the Sales Representative Act, 820 ILCS 120/1, *et seq.*, does not apply because Plaintiff was an employee of Defendant as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, then an employee-employer relationship existed between Plaintiff and Defendant.

53. Plaintiff was employed by Defendant as a patio enclosure design consultant/sales representative from May 2020 to September 2022.

54. Plaintiff performed services for which he was entitled to compensation, including the sale of sunrooms that generated commissions pursuant to the terms of the Contract.

55. Defendant has refused and failed to pay Plaintiff's final commission payment for the five pending sales listed in paragraph 17 of this Verified Complaint in accordance with the Contract.

56. Defendant's failure to pay Plaintiff's final commission payment constitutes a violation of the Illinois Wage Payment and Collect Act.

57. Pursuant to 820 ILCS 115/14, Plaintiff is entitled to statutory damages in the amount of five percent (5%) of the amount of final compensation not paid for each month following the date of payment during which such compensation remains unpaid.

58. Pursuant to 820 ILCS 115/14, Plaintiff is also entitled to reimbursement of his attorney's fees and costs.

WHEREFORE, Plaintiff Peter D'Angelo respectfully requests that this Court enter judgment in his favor against Defendant Great Day Improvements, LLC as follows:

A. For an award of all unpaid commission owed to Plaintiff in an amount to be proven at trial;

B. For statutory damage pursuant to 820 ILCS 115/14;

8

C. For reasonable attorney's fees and costs incurred in bringing this action;

D. For prejudgment interest allowed by law;

E. For post-judgment interest as allowed by law; and

F. For such other relief this Court deems just and proper under the circumstances.

## COUNT V – UNJUST ENRICHMENT
### (In the Alternative)

59. Plaintiff realleges paragraphs 1 through 4 of this Verified Complaint as though fully set forth herein.

60. In his role as a design consultant and sales representative, Plaintiff provided valuable consideration to Defendant by successfully selling sunrooms to multiple homeowners, resulting in signed contracts, as described below, that generated $276,890.00 in revenue for Defendant.

| Customer Name | Contract Price |
|---|---|
| **Kmeiciak** | $37,783 |
| **Mansorooieh** | $42,494 |
| **Mihai** | $90,611 |
| **Ensalaco** | $13,832 |
| **Sharma** | $92,170 |

61. Plaintiff provided such consideration under circumstances to which Defendant reasonably should have expected that they were obligated to pay Plaintiff for selling Defendant's product to its customers.

62. Despite receiving payments from the customers, Defendant has failed to provide any compensation whatsoever to Plaintiff.

9

FILED DATE: 12/19/2025 11:18 AM  2025L015551

63. Consequently, Defendant has been unjustly enriched through the receipt of the revenue received from the above-named customers without providing any compensation to Plaintiff.

64. Therefore, it would be unjust and inequitable for Defendant to retain all of the proceeds from Plaintiff's generated sales without providing any compensation to Plaintiff.

WHEREFORE, Plaintiff Peter D'Angelo respectfully requests that this Court enter judgment in his favor against Defendant Great Day Improvements, LLC as follows:

A. For an award of all unpaid commission owed to Plaintiff in an amount to be proven at trial;

B. For prejudgment interest allowed by law;

C. For post-judgment interest as allowed by law; and

D. For such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,
PETER D'ANGELO

/s/ Todd R. Brand
Counsel for Plaintiff
*Limited Scope Appearance*

Todd R. Brand
T BRAND LAW LLC
444 N. Michigan Ave, Ste 1200
Chicago, IL 60611
(312) 535-9221
tbrand@brandlawchicago.com
Attorney No. 62379

FILED DATE: 12/19/2025 11:18 AM 2025L015551

# EXHIBIT A



# Design Consultant/ Sales Representative Agreement

## Compensation and Expectations

Page 1 of 4

FILED DATE: 12/19/2025 11:18 AM    2025L015551

This agreement is made and entered into by and between Great Day Improvements, LLC ("Company") and

__Peter D'Angelo_____ ("Design Consultant/Sales Representative")

as of the __29_____ day of __December_____, 20__21_____.

## Employment and Compensation

Design Consultant/Sales Representative enters into this Commission Program as his/her compensation program with the Company via these terms and are subject to the conditions set forth in this agreement and the Company's current commission plan.

Nothing contained herein shall constitute a promise or guarantee of continued employment. Company reserves the right to terminate the Design Consultant/Sales Representative's employment at any time, with or without cause. Company further reserves the right to amend, revise, alter, modify, cancel, rescind, revoke or to terminate this Agreement at any time and for any reason.

Design Consultant/Sales Representative must read the Associate Handbook, and abide by all policies and practices of the Company. The Associate Handbook must be reviewed, acknowledged, and signed as part of the new employee onboarding process within the first week of employment.

There are two (2) compensation plan options available. These options are only available to New full-time Design Consultants/Sales Representatives.

### Full Commission Plan

The Company will provide Design Consultants/Sales Representatives with training during the initial employment period. Training pay will be provided during the first _____ weeks of employment. Design Consultants/Sales Representatives will receive training pay in the amount of $ _____ per week, paid on a bi-weekly basis with the regular payroll cycle. **No commission will be paid from sold jobs during this training period.** Commissions from sold jobs will be banked for future payment after the training period has been completed.

### Salary Plan

Design Consultants/Sales Representatives who choose the Salary Plan will be paid a base salary equivalent to
$ _____ (salary amount) annually, equating to
$ _____ (bi-weekly amount), paid on a bi-weekly basis. The salary will be paid starting at the time of employment and will continue until the Design Consultant/Sales Representative chooses to transition to the Full Commission Plan. **There will be no additional training pay for salaried Design Consultants/Sales Representatives.**

A salaried Design Consultant/Sales Representative may move to the full commission plan at the point of their choosing, but no Design Consultant/Sales Representative may switch from the Full Commission Plan to the Salary Plan.

## Benefits

Employee benefits are the same under the Full Commission or the Salary Plan. The first of the month following sixty (60) days of employment, the Design Consultant/Sales Representative is eligible to elect benefit coverage through the Company's group insurance plans, as well as enroll in the Company's 401(k) plan.

When enrolled in Company benefits, premium payments are deducted from pay on a bi-weekly basis. When a Design Consultant/Sales Representative does not receive pay for any reason, it expected that premiums for benefits are paid to GDI accordingly. Human Resources will notify the Design Consultant/Sales Representative that they are not receiving pay and assist them with payment options to continue benefits during that time.

## Commission and Bonus

### Full Commission Plan

1. Base sales commission will be 10% of the contract price for a job sold at the discount price of 30% off MSRP (price to sell). **Financing expenses are non-commissionable.**

   For jobs sold at discounts higher or lower than the base discount price of 30% off MSRP, the Design Consultant/Sales Representative will earn a commission based on the corresponding sliding scale discount percentage. The Design Consultant/Sales Representative will earn 10% base commission plus or minus half of the difference in price from the base 30% off price.

   Base sales commission for sold jobs will be paid as follows:

   a. An advance of 5% of the contract price will be paid in the pay period following the date the job is booked with a normal down payment.

   b. The advance is paid only on open/approved jobs that

*Continued on next page.*



CONFIDENTIAL — ©Copyright 2021 Great Day Improvements, LLC

REV 12/21



**Design Consultant/Sales Representative Agreement**

Page 2 of 4

FILED DATE: 12/19/2025 11:18 AM    2025L015551

| Monthly Bonus Chart | | | | | |
|---|---|---|---|---|---|
| | **Sales Levels** | **Payout** | | **Sales Levels** | **Payout** |
| **JAN, FEB, NOV, DEC** | $120,000 - $170,000 | $ 500.00 | **MAR-OCT** | $140,000 - $190,000 | $ 500.00 |
| | $170,001 - $215,000 | $ 1,000.00 | | $190,001 - $240,000 | $ 1,000.00 |
| | $215,001 - $275,000 | $ 1,500.00 | | $240,001 - $300,000 | $ 1,750.00 |
| | $275,001 - $335,000 | $ 2,000.00 | | $300,001 - $360,000 | $ 2,500.00 |
| | $335,001 - $400,000 | $ 3,000.00 | | $360,001 - $425,000 | $ 3,000.00 |
| | $400,001 - NA | $ 3,500.00 | | $425,001 - NA | $ 4,000.00 |

have been through the Operational Review Process. Jobs that are not approved, or require an ATC, will be placed on hold until the issues are resolved.

c. Design Consultants/Sales Representatives are responsible for timely follow up relating to change orders, re-designs, and any outstanding questions on a job or the job paperwork. Failure to obtain this information will result in lost commissions.

d. Complex jobs and/or questionable builds will be placed on a "hold" status at the discretion of the Regional Manager. Jobs over $100,000 in contract value will be put on "hold" until the permit has been received and the job has been ordered.

e. Contracts written without a full deposit are not considered Bookings — they will be booked into "Pending" status and will not count towards the Design Consultant/Sales Representative Sales numbers or bonus.

f. The balance of the base commission earned will be paid out in the pay period following the installation and receipt of final payment of the job.

g. Commissions may be banked by the Company and paid out in future payments.

h. Jobs sold with discounts above 30% will be written contingent on manager approval (this must be written in the contract).

i. No commission will be paid on jobs sold with more than a 35% discount.

j. Maximum commission amount is 15%. No overage will be paid in excess of this discount/limit.

k. On all jobs sold with a 60 months/No Interest Financing Plan (GS6060), a maximum 12.5% commission will be paid.

2. The top performing Design Consultants/Sales Representatives will receive an additional monthly sales bonus based on their sales volume in a given month.

a. To qualify for the sales bonus, Design Consultants/Sales Representatives must meet the following criteria:

 i. Sales volume at or above the bonus level base on the Monthly Bonus Chart.

 ii. All sales must follow normal discounting levels.

 iii. Sales are counted based on the contract date. Sales may not be moved from month to month.

 iv. Management has the right to disqualify an individual sale or a Design Consultant/Sales Representative from the bonus program If there is an appearance of "gaming" the system by a Design Consultant/Sales Representative.

 v. Bonuses will be calculated two (2) weeks after the end of a month, in order to adjust for rescissions.

 vi. Design Consultants/Sales Representatives must close 20% on Patio Enclosures products and/or 40% on Stanek Window products to qualify for the monthly bonus.

 vii. For Design Consultants/Sales Representatives who sell primarily Stanek windows, the bonus amount thresholds will be lowered by $1,000 for every 1% that Design Consultant/Sales Representative exceeds a 40% closing ratio (minimum 10 window leads per month).

  1. Example: Design Consultant/Sales Representative runs 25 window leads with a close of 50% totaling $96,000 and in the mix has one sunroom sale of $10,000 for a total of $106,000. The bonus target in November is $115,000. Since he/she is 10% over minimum windows closing ratio it would drop his/her target down to $105,000, which would qualify him/her for bonus.

*Continued on next page.*



FILED DATE: 12/19/2025 11:18 AM    2025L015551

viii. Design Consultants/Sales Representatives will not earn a bonus on jobs that break out over a 30% discount, as dictated by our discounting policy. **Each month, installed jobs that break out over 30% will be adjusted out of the current month's bookings** to arrive at the net bookings that the bonus will be based on.

ix. Sales bonuses will be shown in the Monthly Bonus Chart above.

x. 100% of leads must be resulted in order to earn a bonus.

xi. Adjustments may be made for jobs that contributed to the bonus, but subsequently canceled. In other words, canceled jobs do not pay a bonus.

3. This commission and bonus program replaces and supersedes all previous commission and bonus programs and is subject to change at any time.

**Salary Plan — For New Associates Only**

1. Base sales commission will be 4.5% of the contract price for a job sold at a discounted price of 30% off MSRP (price to sell). **Financing expenses are non-commissionable.**

For jobs sold at discounts higher or lower than the base discount price of 30% off MSRP, the Design Consultant/Sales Representative will earn a commission based on the corresponding, sliding scale discount percentage. The Design Consultant/Sales Representative will earn 4.5% base commission plus or minus half of the difference in price from the base 30% off price.

Base sales commission for sold jobs will be paid as follows:

a. An **advance** of 2.0% of the contract price will be paid in the pay period following the date the job is booked with a normal down payment.

b. The balance of the base commission earned will be paid out in the pay period following installation and receipt of the final payment on the job.

**Please note:** All Stipulations listed above on the Full Commission Plan apply to the Salary Plan, as listed above.

## Expectations of Design Consultants/Sales Representatives

1. Successfully complete new hire sales training.
2. Maintain minimum closing.
   a. Patio Enclosures Design Consultant/Sales Representative:
      i. Close 1 deal in the first 10 opportunities
      ii. Close 2-3 deals in the first 25 opportunities
      iii. Minimum of 15% close rate in the first 6 months
      iv. Minimum of 18% close rate in the first year
      v. Minimum of 20% close rate ongoing with progressive improvement
   b. Stanek Windows Design Consultant/Sales Representative:
      i. Close 1 deal in the first 10 opportunities
      ii. Close 3-5 deals in the first 25 opportunities
      iii. Minimum of 25% close rate in the first 6 months
      iv. Minimum of 35% close rate in the first year
      v. Minimum of 40% close rate ongoing with progressive improvement
3. Maintain minimum yield.
   a. Minimum 1st Year Design Consultant/Sales Representative:
      i. Patio Enclosures — $3,000
      ii. Stanek Windows — $2,500
   b. Minimum Senior Design Consultant/Sales Representative:
      i. Patio Enclosures — $3,500
      ii. Stanek Windows — $3,000
   c. High Performance:
      i. Patio Enclosures — $4,000
      ii. Stanek Windows — $3,500
4. Complete Lead Resulting in PCMS within a 24-hour period in accordance with Lead Resulting Guidelines.
   a. Actively follow up and proactively manage pipeline and open quotes.
   b. All Company-generated opportunities are "owned" by the Company and the Company reserves the right to manage all leads in whatever method management sees fit. This includes the right to revoke leads or reassign them to other Design Consultants/Sales Representatives.
5. Self-generated appointments — All Company Design Consultants/Sales Representatives have a duty to generate and run self-generated leads/opportunities, above and beyond what is generated and distributed by the Company.
   a. Design Consultants/Sales Representatives must generate an average of four (4) opportunities per month — one (1) per week — over the course of a given year.

*Continued on next page.*



**Design Consultant/Sales Representative Agreement**

Page 4 of 4

FILED DATE: 12/19/2025 11:18 AM    2025L015551

b. An opportunity is defined as a set appointment, and must be scheduled through the Call Center and added to the Design Consultant/Sales Representative's calendar.

6. Design Consultants/Sales Representatives have a duty to sell and price all jobs in a profitable manner in accordance with Company procedure and pricing.

7. Design Consultants/Sales Representatives are responsible for maintaining the condition of sales samples, iPad and any other Company Property they have been entrusted with. When these items are not properly maintained, the Design Consultant/Sales Representative may be responsible for the cost of repair or replacement of the damaged item(s).

## Separation of Employment

1. New Design Consultants/Sales Representatives are subject to a **one-year introductory period**. New Design Consultants/Sales Representatives must be actively employed at the time installation is completed to earn commissions. No commissions will be considered earned, nor paid subsequently, beyond the date of voluntary or involuntary termination. Should a new Design Consultant/Sales Representative depart from the company before reaching their one-year anniversary with the Company, their final compensation would include their final paycheck and any banked commissions. Following twelve (12) months of employment, commissions will be paid following termination in the manner described below.

2. After one-year of employment, a Design Consultant/Sales Representative is considered tenured and will receive the title Senior Design Consultant/Sales Representative. Upon termination a Senior Design Consultant/Sales Representative will be credited with all jobs sold and brought into the office before his/her separation. If a job has an open Accounts Receivable, commission may be withheld at the discretion of the Company.

3. If the Senior Design Consultant/Sales Representative departs the Company, it is understood that the tenured Design Consultant's/Sales Representative's share in the profits and losses and future commissions are unknown since a commission is only considered earned when the job is installed and paid for in full. Accordingly, the Senior Design Consultant/Sales Representative will receive no more commission checks until all jobs in progress are completed and paid for in full. At that time, a final check will be issued in exchange for an executed Release of Final Commission.

4. Upon termination of employment the Senior Design Consultant/Sales Representative must immediately return all samples, training materials, sales aids, leads/inquiries, electronic equipment and any other Company property in their possession at the time of termination. Any Company property not immediately returned will be deducted from any unpaid commission and/or, at its discretion, the Company may take legal action against the Design Consultant/Sales Representative to recoup the cost of the lost property.

5. At the point of separation and/or at the point where a Design Consultant/Sale Representative's backlog of jobs is fully installed, if there are overpaid commissions, the Design Consultant/Sales Representative **must pay the Company back in full.**

6. The Senior Design Consultant/Sales Representative has the right to review their final costings with respect to any disputed jobs and must sign a release **before** the final commission check will be issued, acknowledging that no further sums are owed to the Design Consultant/Sales Representative.

Associate/Employee Printed Name    Peter D'Angelo _____

Associate/Employee Signature _____    Date  12/29/21 _____

General Manager Printed Name _____

General Manager Signature _____    Date _____